United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENOVA HOMES INC., | No. C 05-4114 SBA |
| Plaintiff, | *(Related to Case No. C 05-2377)* |
| v. | **ORDER** |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, et al., | |
| Defendants. | |

On September 12, 2005, DeNova Homes Inc. ("DeNova"), a California corporation, filed Complaint No. C 05-1944 against defendants Certain Underwriters at Lloyd's of London ("Lloyd's of London"), a foreign entity, Devonshire Group, Inc., a California corporation, and the Insurance Company of the State of Pennsylvania ("ICOP"), a Pennsylvania corporation, in the Superior Court of the State of California for the City and County of Contra Costa.

On October 11, 2005, Lloyd's of London filed a Notice of Removal, removing Case No. C 05-1944 to the United States District Court for the Northern District of California. The case was assigned to Magistrate Judge James and was re-designated as Case No. C 05-4114. Lloyd's of London's Notice of Removal is premised solely on diversity jurisdiction, 28 U.S.C. § 1441(b). In the Notice of Removal, Lloyd's of London admits that defendant Devonshire Group, Inc. ("Devonshire") is a California corporation, but contends that the citizenship of Devonshire must be disregarded because Devonshire is a "sham" defendant.

On November 16, 2005, Case No. C 05-4114 was reassigned to Judge Chesney.

On December 1, 2005, Judge Chesney referred Case No. C 05-4114 to this Court so that this Court could determine whether Case No. C 05-4114 is related to Case No. C 05-2377.

On December 5, 2005, this Court ordered that Case No. C 05-4114 be deemed related to Case No. 05-2377. Case No. C 05-4114 was subsequently reassigned to this Court.

Currently pending before the Court in Case No. C 05-2377 is a Joint Stipulation between Lloyd's of

London and the ICOP requesting that the Court grant Lloyd's of London leave to file an amended complaint naming DeNova Homes Inc., Charles Rauw, the Sutton Group, Adobe Geotech, Diablo Soil Engineers, North Coast Engineering, Milani & Assoc., Dawson Electric, Robert Pyke, Subsurface Consultants, Inc., JT Van Sickle Co., Desilva Gates Construction, D&C Builders Co., Engeo Inc., and Lombard Consulting Services, Inc. as defendants. The Joint Stipulation states that the amended complaint is necessary to "afford complete justice and eliminate duplication of effort by the courts and the parties to this action." The Joint Stipulation also states that the amended complaint is necessary to "eliminate potential inconsistencies with [Case No. C 05-4114]."

The Court agrees with the parties in Case No. C 05-2377 that it is in the best interests of the Court and the parties to allow this *entire* controversy – including the claims alleged in Case No. C 05-2377 and Case No. C 05-4114 – to proceed in a manner that would eliminate inefficiency and duplication of efforts and would promote the conservation of scarce judicial resources. However, having reviewed the Notice of Removal in Case No. C 05-4114, this Court is concerned that Lloyd's of London has not adequately demonstrated that removal of Case No. C 05-4114 to federal court was proper.

Removal of a civil action that alleges claims against a non-diverse defendant is only proper where it appears that such defendant has been fraudulently joined. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). As a matter of general principle, however, courts generally employ a presumption against fraudulent joinder. *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal.1998) (citations omitted). Accordingly, the burden of proving fraudulent joinder is a heavy one. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983). The removing party must prove that there is absolutely *no* possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Kruso v. Int'l Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).

Based on the Notice of Removal in Case No. C 05-4114, the Court is not satisfied that Lloyd's of London has met its burden. Moreover, since DeNova's claims against Devonshire potentially destroy diversity, the Court's concerns are further compounded by the fact that Lloyd's of London now wishes to add certain claims against DeNova in Case No. C 05-2377 arising out of the same facts and circumstances.

Accordingly,

IT IS HEREBY ORDERED THAT on or before **December 16, 2005**, Lloyd's of London shall file a brief in this Court showing cause why Case No. C 05-4114 should not be remanded to state court for lack of subject matter jurisdiction. Lloyd's of London's brief shall not exceed ten (10) pages and shall specifically include relevant authorities in support of its contention that Devonshire has been fraudulently joined.

IT IS FURTHER ORDERED THAT DeNova is granted leave to file a reply to Lloyd's of London's brief **no later than December 23, 2005.** DeNova's brief is not to exceed ten (10) pages.

IT IS FURTHER ORDERED THAT, until further notice, except as expressly set forth herein, no further briefing may be filed by any party in Case No. C 05-4114 without leave of Court. Additionally, the Court hereby DEFERS ruling on the Joint Stipulation in Case No. C 05-2377 until it has had an opportunity to review the briefs submitted by the parties in Case No. C 05-4114 and has determined that Case No. C 05-4114 was properly removed to federal court.

IT IS SO ORDERED.

Dated: 12/7/05

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge